IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANTONIO ZALDIVAR,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:09 CV 00979 TC |

Petitioner Antonio Zaldivar has filed a petition to set aside his conviction pursuant to 28 U.S.C. § 2255. In his petition, he raises a number of claims, none of which, as discussed below, entitle him to relief.[1]

For the reasons discussed below, the court denies Mr. Zaldivar's petition.

**Procedural Background**

A jury found Mr. Zaldivar and his co-defendant, Alfonso Moya-Breton, guilty of all counts of the superseding indictment against them: Count I, conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and 500 grams or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) & 846; Count II, possession of 500 grams or more of cocaine with intent to distribute, a violation of 21 U.S.C. 841(a)(1); Count

---

[1]Because the petition, files and records of the case show conclusively that Mr. Zaldivar is not entitled to relief, the court will decide this petition without a hearing.

III, possession with intent to distribute five grams or more of cocaine base, a violation of 21 U.S.C. § 841(a)(1); Count IV, possession with intent to distribute five grams or more of actual methamphetamine, a violation of 21 U.S.C. § 841(a)(1); Count V, attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) & 846; Count VI, attempt to possess with intent to distribute 500 grams or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) & 846; and Count VIII, illegal alien in possession of a firearm, a violation of 18 U.S.C. § 922(g)(5)(A).  The court sentenced Mr. Zaldivar to 324 months in custody and. Mr. Moya-Breton to 360 months.   Mr. Zaldivar and Mr. Moya-Breton filed an appeal which was denied.  See United States v. Moya-Breton, 2009 WL 1524900 (10th Cir. 2009).

## Analysis

Mr. Zaldivar raises two grounds in support of his petition: (1) illegal search and seizure; and (2) ineffective assistance of counsel.  Mr. Zaldivar's arguments are difficult to decipher. However, after careful review of his petition, the court concludes that Mr. Zaldivar is arguing that 18 U.S.C. § 922(g) is unconstitutional, that the jury instruction on the firearms charge was improper and that his sentence was too harsh.

Mr. Zaldivar's arguments could have been raised on appeal.   Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. See United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593 (1982).  "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his

claim is not addressed." <u>United States v. Cook</u>, 997 F.3d 1312, 1320 (10th Cir. 1993).  Mr. Zaldivar's petition, even when liberally read, does not demonstrate either cause or prejudice.  For that reason, his petition is DENIED and DISMISSED.

    DATED this 10th day of November, 2009.

                      BY THE COURT:

                      TENA CAMPBELL
                      Chief Judge